■ ESTELLE WALTER, as Administratrix of the Estate of LINDA J. WALTER, Deceased, et al., Respondents-Appellants, v. HERMAN O. AUSLANDER, Respondent, and VIRGINIA M. PARSLOE et al., Appellants.— In an action to recover damages for wrongful death, (1) defendants Virginia M. Parsloe and Bertram A. Parsloe, Jr., appeal from: (a) a judgment of the Supreme Court, Rockland County, dated September 21, 1971, entered upon a jury's verdict, awarding to plaintiffs damages in the amount of $75,000, and dismissing the complaint as against codefendant Herman D. Auslander, and (b) an order of the same court, also dated September 21, 1971, denying said defendants' motion to set aside the jury's verdict as against them; and (2) plaintiffs appeal from so much of said judgment as dismissed their complaint against defendant Auslander. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event. Appeal from order dismissed, as academic. In our opinion, the jury's verdict was against the weight of the evidence adduced, insofar as it exculpated the codefendant Auslander from liability. At about 4:30 A.M. on January 30, 1966, defendant Bertram A. Parsloe was operating an automobile in which the intestate Linda Jean Walter was a passenger. The Parsloe vehicle collided with an automobile owned and operated by codefendant Herman O. Auslander. The highway (Route 59) on which the impact occurred, was a four lane road, two westbound and two eastbound, and each lane was approximately 10 feet wide. It was snowing at the time, and there were about three or four inches of snow on the ground. The Parsloe vehicle was proceeding in an easterly direction and the Auslander vehicle was proceeding in a westerly direction. Auslander testified at the trial that when he first observed the Parsloe vehicle, it was directly in front of him in the

righthand westbound lane, that a split second before impact, the Parsloe vehicle swerved to the right, the Auslander vehicle skidded to the left, and they collided near the center of the road. However, such version is totally at variance with the following evidence: (1) photographs taken shortly after the accident reveal that the Parsloe vehicle came to rest in the extreme right eastbound lane, while the Auslander vehicle came to rest straddling the eastbound lanes and perpendicular to the Parsloe vehicle; (2) debris from the Parsloe vehicle was found in the eastbound lane closest to the curb; and (3) in his Motor Vehicle report and in statements made by him to the police shortly after the accident, Auslander himself indicated that his vehicle skidded across the center line and collided with the Parsloe vehicle, which, at the time, was proceeding in the eastbound lane. In view of the above, we believe the jury verdict against defendants Parsloe and exonerating defendant Auslander, was against the weight of the credible evidence and should be set aside (see *Campbell* v. *Towber*, 26 A D 2d 628; *Breckir* v. *Lewis*, 21 A D 2d 546, affd. *sub nom. Breckir* v. *Pleibel*, 15 N Y 2d 1027). Hopkins, Acting P. J., Latham, Gulotta and Christ, JJ., concur.